IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEMYRON BISHOP,

    Plaintiff,

v.                                                               No. 2:21-cv-00887-JCH-KRS

DHS,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 5, filed September 20, 2021, and Plaintiff's failure to comply with the Court's Order to file an application to proceed *in forma pauperis*.

**Amended Complaint**

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that his Complaint failed to state a claim, with many of his allegations being vague or unintelligible, and ordered Plaintiff to file an amended complaint. *See* Order to Cure Defects, Doc. 4, filed September 15, 2021.

    The Amended Complaint seeks, among other things:

> an IMMEDIATE broadcasted view of a MAJOR case investigation on the department of Homeland Security, due to violence, civil rights, and multiple other criminal activity, all coming from personnel of the Reproductive [illegible] of the DHS or also known as non or special immigrants of the United States DHS department ... I need an IMMEDIATE entry into system, viewing on AMERICA'S MOST WANTED ... This is LeMyron Bishop writing in regards to multiple personnel of the (DHS) FLETC department interfering with ALL case file[ing]s, violent behavior harassment, discrimination, etc., from official in the Artesia, United States, and NM department of enforcement and excess judicial figures.

Amended Complaint at 1-3. Much of the Amended Complaint is incoherent.

The Court dismisses this case because the Amended Complaint fails to state a claim. Despite Judge Sweazea notifying Plaintiff of the elements necessary to state a claim, the Amended Complaint does not state with particularity what each Defendant did to Plaintiff, when they did it, or what particular right Plaintiff believes the Defendants violated. *See* Order to File Amended Complaint at 2 (stating: "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated") (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

**Application to Proceed In Forma Pauperis**

Judge Sweazea also notified Plaintiff that Plaintiff's two-paragraph motion to proceed *in forma pauperis* did not provide sufficient information for the Court to determine whether Plaintiff is unable to pay the required fees. *See* Order to Cure Defects. Judge Sweazea ordered the Clerk to send Plaintiff an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and ordered Plaintiff to complete and file the Application. Plaintiff did not file the Application by the October 6, 2021, deadline.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing

> the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is the seventh civil action Plaintiff has initiated in the District of New Mexico. *See:*

(i) *Bishop v. DHS*, No. 2:21-cv-00887-JCH-KRS (this case; dismissed for failure to state a claim).

(ii) *Bishop v. Federal Government*, No. 2:21-cv-00321-RB-SCY (dismissed for failure to prosecute; Plaintiff failed to comply with the Court's Orders, failed to comply with statutory provisions, failed to comply with Fed. R. Civ. P. 8 and 11, failed to comply with D.N.M.LR-Civ. 83.6; complaint is largely incoherent).

(iii) *Bishop v. United States*, No. 2:20-cv-00087-WJ-GJF (dismissed for failure to state a claim; claims are frivolous and delusional).

(iv) *Bishop v. Federal Government*, No. 2:19-cv-01129-RB-GJF (dismissed for failure to state a claim; claims are frivolous and delusional).

(v) *Bishop v. Eddy County Detention Center*, No. 2:19-cv-01037-JCH-JFR (dismissed for failure to prosecute; Plaintiff failed to comply with the Court's Orders, failed to comply with statutory provisions, failed to comply with Fed. R. Civ. P. 8 and 11, failed to comply with D.N.M.LR-Civ. 83.6).

(vi) *Bishop v. Federal Government*, No. 2:19-cv-00833-KWR-GBW (dismissed for failure to state a claim; claims are frivolous and delusional).

(vii) *Bishop v. Federal Government*, No. 2:19-cv-00600-RB-CG (dismissed for lack of jurisdiction).

Despite the Court's previous notices regarding the elements necessary to state a claim and the importance of complying with Court Orders and the Rules of Civil Procedure, Plaintiff continues to file complaints that fail to state a claim and contain frivolous and delusional claims and fails to comply with Court Orders. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir.

4

1994).  To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

      1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions.

      2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system.

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case.  *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the

District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why the Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i)    This case is **DISMISSED without prejudice.**

(ii)   Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
SENIOR UNITED STATES DISTRICT JUDGE